IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LESLIE GROSS, individually, and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br>  vs.<br><br>BANNER CAPITAL BANK,<br><br>    Defendant. | **7:26CV5007**<br><br><br>**ORDER** |
| JASON BROWN, Individually, and on Behalf of All Others Similarly Situated;<br><br>    Plaintiff,<br><br>  vs.<br><br>BANNER CAPITAL BANK,<br><br>    Defendant. | **7:26CV5008**<br><br><br>**ORDER** |
| ERICA RANKIN, individually, and on behalf of her minor child, J.R., and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br>  vs.<br><br>BANNER CAPITAL BANK,<br><br>    Defendant. | **8:26CV118**<br><br><br>**ORDER** |

This matter is before the court on Plaintiffs' Motion to Consolidate Cases and to Appoint Interim Co-Lead Class Counsel. (Filing No. 11). Plaintiffs Leslie Gross, Jason

1

Brown, and Erica Rankin (collectively, "Plaintiffs") move for the above-captioned cases to be consolidated and for *Gross v. Banner Capital Bank*, Case No. 7:26-cv-5007 to be designated the lead case for these consolidated matters.[1] Plaintiffs also move for the appointment of Laura Van Note of Cole & Van Note, Carl V. Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC, and Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLC (collectively, Proposed Interim Co-Lead Class Counsel) as interim co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g). For the reasons that follow, Plaintiffs' unopposed motion will be granted.

## I.  Consolidation

Plaintiffs seek consolidation of the above-captioned related cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Fed. R. Civ. P. 42(a). Each of Plaintiffs' claims arise out of the same data breach of the Defendants' computer network between August 20, 2025, and September 11, 2025, which resulted in the alleged unauthorized third-party access of Plaintiffs' sensitive personal identifiable information. (Filing No. 1 in each of the above-captioned cases). The Plaintiffs raise common legal questions regarding Defendant's alleged breach of common law or statutory duties, and the parties seek the same type of remedies and compensation for those injured and affected by the Data Breach. (Filing No. 11-1). The parties agree that consolidation is appropriate and would serve the interests of convenience, judicial economy, and cost reductions.

The Plaintiffs have proposed filing a consolidated amended complaint in what the court will designate as the Lead Case, *Gross v. Banner Capital Bank*, Case No. 7:26-cv-5007 and have requested 30 days to do so. Plaintiffs propose that all subsequent filings be made in the *Gross* action. After review of the pleadings and the motion, the court finds

---

[1]     The parties seek consolidation of three separately filed related cases involving the same data breach. Plaintiffs request *Gross v. Banner Capital Bank,* Case No. 7:26-cv-5007, the first-filed case be designated the "lead case." However, Plaintiffs' motion was only filed in *Brown v. Banner Capital Bank,* Case No. 7:26cv5008. Accordingly, the citations to the docket in this order are to the documents filed in *Brown.*

consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted. Plaintiffs' motion for consolidation will be granted and deadlines will be set for filing the consolidated amended complaint, and for Defendant to file an answer or other response in the lead case. After the filing of the consolidated amended complaint, each of the related member cases will be closed.

## II.    Appointment of Interim Co-Lead Counsel

Coordinated Plaintiffs' Counsel assert that appointment of interim co-lead counsel will serve the interest of securing a just, speedy, and efficient resolution of this Plaintiffs' claims in a cooperative manner. Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation ("The Manual") provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.). "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." Id. Plaintiffs represent that the motion to consolidate is unopposed and Defendant has not filed a response to the motion stating otherwise.

Upon review of the Rule 23(g)(3) factors, the Court finds that the now-consolidated actions would benefit from interim co-lead counsel for efficient case management prior to

3

class certification, if any. As demonstrated by their brief and accompanying resumes, Proposed Interim Co-Lead Counsel satisfy the requirements for such appointment by the Court. First, Coordinated Plaintiffs' Counsel have engaged in sufficient identification and investigation regarding the potential claims in this present action by investigating the facts, researching the legal basis for liability, preparing detailed complaints, and coordinating the preparation and filing of the pending motion for consolidation and appointment of interim co-lead counsel. Next, as demonstrated by the brief and accompanying resumes, Coordinated Plaintiffs' Counsel are experienced and qualified, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate this case, very briefly highlighted below:

- Ms. Van Note is a shareholder of Cole & Van Note, a firm devoted almost entirely to the prosecution of data breach class actions. The firm has served a court-appointed legal counsel or co-lead counsel in dozens of data breach matters, many involving some or all of the same legal issues presented in this action. (Filing No. 11-1 at 11-15).

- Mr. Malmstrom is Of Counsel and heads the Wolf Haldenstein Adler Freeman & Herz LLC office in Chicago. He has more than 17 years of experience litigating class action lawsuits. He has served as co-lead counsel in several data breach cases and represented plaintiffs in numerous other data privacy class actions, and in antitrust and consumer protection cases. (Filing No. 11-1 at 15-18).

- Ms. Montgomery[2] is a founding member of Ellzey Kherkher Sanford Montgomery, LLP, and co-leads the litigation section of the firm. She has more than 16 years of litigation and trial experience including substantial experience in class action and appellate contexts. She has prosecuted many data breach class actions to conclusion and has been

---

[2]    Plaintiffs' motion requests the appointment of Christopher E. Torres of Ellzey Kerkher Sanford Montgomery, LLP as interim co-lead counsel (Filing No. 11 at 2), but the supporting memorandum and proposed order request the appointment of Leigh S. Montgomery of the same firm (Filing No. 11-1 at 18-19, 23). Plaintiffs' submission in support of the motion includes biographical information for both Torres and Montgomery and a firm biography. The court presumes based upon the memorandum that the Plaintiffs intend for Ms. Montgomery to serve as interim co-lead counsel, but the court finds either attorney meets the appropriate criteria and Mr. Torres may be permitted to serve as interim co-lead counsel upon an appropriate motion to substitute.

4

appointed a leadership role in numerous cases.  (Filing No. 11-1 at 18-19).

The proposed interim co-lead counsel already represent all of the current plaintiffs in this consolidated action and no party has objected to the appointment of these attorneys. The data breach at issue in this case allegedly occurred between August and September 2025 and Plaintiffs received notice from Defendant that they were victims of the Data Breach on or around March 6, 2026. It is reasonable to assume more lawsuits with similar or identical claims arising out of the same data breach could be forthcoming. The court finds that appointment of the proposed interim co-lead counsel is appropriate under Fed. R. Civ. P. 23(g).

**IT IS ORDERED:**

1. Plaintiffs' Motion to Consolidate Cases and to Appoint Interim Co-Lead Counsel. (Filing No. 11 in 7:26cv5008) is granted.

2. The above-captioned cases are consolidated for all purposes. The court designates Case No. 7:26-cv-5007, as the "Lead Case" and Case Nos 7:26cv5008 and 8:26cv118, as "Member Cases."  The Lead Case will proceed under the new title "In Re Banner Capital Bank Data Privacy Litigation."

3. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases.  If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

   a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and member cases. When filing such documents, counsel may either file the document separately in each case, or file the document in the Lead Case and ask the court to then file it in all member cases.

b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

4. As proposed in Plaintiffs' unopposed motion:

a. Plaintiffs shall have 30 days from the entry of this Order to file a Consolidated Amended Complaint in the Lead Case.

b. The deadline for Defendant to file an answer or other responsive pleading to the Consolidated Amended Complaint shall be 30-days after the Consolidated Amended Complaint is filed.

5. After the plaintiffs file their Consolidated Amended Complaint in the Lead Case, the Clerk of Court is directed to administratively close the two Member Cases, and the parties are instructed to thereafter file all further documents in the Lead Case without spreading text.

6. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(A). The Clerk of Court shall docket a copy of this order in any subsequently filed or transferred related case. If any party objects to consolidation or otherwise wishes to seek alternative relief in a subsequently filed case, the objecting party must file a motion within 14-days of the party's first appearance in the case explaining the basis for its motion and its requested relief.

**IT IS FURTHER ORDERED:**

1. Plaintiffs' Motion to Consolidate Cases and to Appoint Interim Co-Lead Counsel. (Filing No. 11 in 7:26cv5008) is granted to the extent that it requests appointment of interim co-lead counsel.

2. Laura Van Note of Cole & Van Note, Carl V. Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC, and Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery LLP are appointed as Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).

3. The plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of plaintiffs' and the putative class and

to provide general supervision of the activities of plaintiffs' counsel in the Consolidated Action.

Dated this 19th day of May, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge